STATE v. CLAUDE HAYWORTH, ARCHIE FOWLER, AND HARFORD SMITH.

(Filed 10 December, 1941.)

**Courts § 2a—**

> Where, at the time of issuance of *recordari* and *supersedeas*, defendants had already perfected their appeals from the judgment of the municipal court, the revocation of the writs by the judge of the Superior Court on the ground that they had been improvidently granted and that no harm could come to defendants from their revocation, is without error.

APPEAL by defendants from *Johnston, Special Judge,* at September Term, 1941, of GUILFORD.

Criminal prosecutions tried in the municipal court of the city of High Point on warrants charging the defendants with conspiracy to violate the prohibition laws and with violations of the prohibition laws. For convenience the cases were consolidated and tried together. From verdicts of guilty and judgments thereon, the defendants appealed to the Superior Court of Guilford County. They also applied for writs of *recordari* and *supersedeas,* which were granted, and later stricken out.

From the order revoking the writs of *recordari* and *supersedeas,* the defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*C. R. McIver, Jr., for defendants.*

PER CURIAM. It appears that at the time the writs of *recordari* and *supersedeas* were issued "to the end that the said action may be sent on for trial in the Superior Court of said County," the defendants had already perfected their appeals from the judgments rendered against them in the municipal court, and the said causes were then pending in the Superior Court of Guilford County for trial *de novo.* Hence, the judge concluded that the writs of *recordari* and *supersedeas* had been improvidently granted, and that no harm could come to the defendants from their revocation. The conclusion is supported by the record.

Affirmed.